UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE KERSEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 23-12019-IT |
| | * | |
| DONALD TRUMP, | * | |
| | * | |
| Defendant. | * | |

ORDER

November 1, 2023

TALWANI, D.J.

Plaintiff George Kersey, proceeding *pro se,* has filed a Complaint [#1] against former president Donald Trump and a Motion for Leave to Proceed *in Forma Pauperis* [#3]. For the reasons set forth below, the court will dismiss this action for lack of jurisdiction.

Kersey's one-page complaint consists of the following allegations:

1. The Defendant sought to overturn the 2020 Federal Election, but was unsuccessful because his wrongful tactics were uncovered.

2. However[r], in the 2016 election the tactic which failed in the 2020 were successful partly because the investigation into the interference focused on alleged Russian and othe[r] efforts, failing to investigate the electoral and other tally interferences.

Compl. ¶¶ 1-2.

The court lacks jurisdiction over Kersey's claim. Under Article III of the United States Constitution, "the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' and 'Controversies.'" Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 132 (2011) (quoting U.S. Const. art. III, § 2). "To state a case or controversy under Article III, a plaintiff must establish standing." Id. at 133. A plaintiff "must present an injury that is concrete,

particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling," to establish standing. See Horne v. Flores, 557 U.S. 433, 445 (2009). "For an injury to be 'particularized,' it must 'affect the plaintiff in a personal and individual way.'" Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992)). A "generalized interest of all citizens in constitutional governance" does not suffice to confer standing. Ariz. Christian Sch., 563 U.S. at 132 (quoting Schlesigner v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974)). "Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government." Lyman v. Baker, 954 F.3d 351, 361 (1st Cir. 2020) (quoting Becker v. Fed. Election Comm'n, 230 F.3d 381, 390 (1st Cir. 2000)).

Here, Kersey does not identify a "particularized" injury he suffered from Trump's alleged misconduct. Rather, he complains of "harm to his and every citizen's interest in proper application of the Constitution and laws." Lujan, 504 U.S. at 573. As Kersey has not alleged facts sufficient to establish standing to bring this lawsuit, this action does not present a "case" or "controversy" over which this court could exercise jurisdiction.

Accordingly, the court orders that this action be DISMISSED for lack of jurisdiction. The Motion for Leave to Proceed *in Forma Pauperis* [#3] shall be terminated as moot.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

November 1, 2023